JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KRZYSZTOF WRZESIŃSKI

## DEFENDANTS

THE UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff  **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph R. Viola, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| | | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1346(a)(1)

Brief description of cause:
Civil action against United States for recovery of penalty claimed to have been wrongfully collected under internal-revenue laws.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                   DOCKET NUMBER

DATE
Sep 1, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joseph R. Viola, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT                  APPLYING IFP              JUDGE              MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 25 Iroquois Road in Richboro,  Bucks County, Pennsylvania 18954-1217 _____

Address of Defendant: _____ c/o U.S. Attorney's Office, 615 Chestnut St., Ste 1250, Philadelphia, PA 19106 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/01/2022 _____ _____ PA 35362

*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| | |
|---|---|
| **A.**  **Federal Question Cases:** | **B.**  **Diversity Jurisdiction Cases:** |
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Patent | ☐ 5. Motor Vehicle Personal Injury |
| ☐ 6. Labor-Management Relations | ☐ 6. Other Personal Injury *(Please specify):* _____ |
| ☐ 7. Civil Rights | ☐ 7. Products Liability |
| ☐ 8. Habeas Corpus | ☐ 8. Products Liability – Asbestos |
| ☐ 9. Securities Act(s) Cases | ☐ 9. All other Diversity Cases |
| ☐ 10. Social Security Review Cases | *(Please specify):* _____ |
| ☑ 11. All other Federal Question Cases | |
| *(Please specify):*  28 U.S.C. Sec. 1346(a)(1) Refund Action | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____

*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KRZYSZTOF WRZESINSKI              )
                                                        )          Case No.
                    v.                              )
                                                        )
THE UNITED STATES OF AMERICA   )          ELECTRONICALLY FILED

### COMPLAINT

Plaintiff Krzysztof Wrzesinski, by his undersigned counsel, brings this action against

Defendant, The United States of America, for recovery of payment of penalties erroneously and

wrongful assessed by the Internal Revenue Service under 26 U.S.C. § 6039F for "Failure to File

Form 3520 to Report Receipt of Certain Foreign Gifts," and in support thereof avers as follows:

### THE PARTIES

1.       Plaintiff Krzysztof Wrzesinski (hereinafter "Plaintiff") is an adult individual

residing at 25 Iroquois Road in Richboro,  Bucks County, Pennsylvania 18954-1217, which is

located within the Eastern District of Pennsylvania.

2.       Defendant is The United States of America.

### JURISDICTION AND VENUE

3.       This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C.

§1346(a)(1), in that it is a civil action against the United States for recovery of a penalty claimed

to have been wrongfully collected under the internal-revenue laws.

4.       Venue is proper in this District pursuant to 28 U.S.C. §1402(a)(1) in a civil action

against the United States under subsection (a) of Section 1346 may be prosecuted only in the

judicial district where the plaintiff resides.

## **FACTUAL BACKGROUND**

5.      Plaintiff, a native of Poland, immigrated to the United States in 2005 at the age of

19 and has worked as a Police Officer with the City of Philadelphia Police Department since

2014.

6.      In 2010, Plaintiff's mother, Barbara Wrzesinska, a citizen and resident of Poland,

having won the Polish lottery, decided to make a gift to her son of $830,000.

7.      Plaintiff visited his mother in Poland in mid-November 2010, and while he was in

Poland, telephoned his tax advisor in the United States, Peter W. Gardyasz, E.A. ("Gardyasz")

advised him that his mother was going to give him a gift of money, and asked Defendant if

Plaintiff needed to document the gift in the United States the way it was being reported in

Poland.

8.      Gardyasz, a tax accountant with a principal place of business in Philadelphia,

Pennsylvania, and an Enrolled Agent authorized to practice before the Internal Revenue Service,

expressly advised Plaintiff that there was no need to include the gift on his U.S. tax returns and

that there was no other U.S. legal requirement to be complied with in connection with Plaintiff's

mother's gift.

9.      The gift was consummated by four (4) separate transfers of United States Dollars

from Citi Handlowy (formerly Citibank (Poland)) to The Beneficial Bank in Philadelphia,

Pennsylvania, namely: $250,000.00 on December 7, 2010; $100,000.00 on December 30, 2010;

$210,000.00 on January 1, 2011; and $270,000.00 on March 22, 2011; Ms. Wrzesinska obtained

separate Certificates from the Tax Administration of Poland attesting that each gift was exempt

from Polish gift and inheritance tax.

10.    In early 2011, during the preparation of Plaintiff's 2010 federal income tax returns, Plaintiff again asked Gardyasz if any additional paperwork needed to be prepared in connection with the large gift from his mother, but was assured by Gardyasz that there was no such requirement.

11.    In April of 2018, Plaintiff, who wished to give some of the gift money to his godson in Poland, performed an Internet search of "foreign gifts" and came across various articles which mentioned the legal requirement imposed on U.S. taxpayers to report large gifts from foreign individuals.

12.    Plaintiff, who previously had no reason to suspect that the advice given by Gardyasz in 2010 and 2011 with respect to the reportability of his mother's gift was erroneous, was shocked by this discovery and immediately contacted a Philadelphia tax attorney with expertise in the U.S. laws relating to foreign accounts and assets.

13.    Plaintiff was advised by the tax attorney that the gifts from his mother should have been reported to the IRS on Form 3520 pursuant to Section 6038F of the Internal Revenue Code, 26 U.S.C. § 6038F, but that the Internal Revenue Service offered a program known as "Delinquent International Information Return Submission Procedures" which Plaintiff could use to belatedly achieve compliance provided he could demonstrate "reasonable cause" for the untimely filing.

14.    The online instructions regarding the Delinquent International Information Return Submission Procedures then in effect stated that taxpayers who have not filed one or more required international information returns and have reasonable cause for not timely filing the information returns should file the delinquent information returns with a statement of all facts

-3-

establishing reasonable cause for the failure to file.

15.    Plaintiff retained the tax attorney, who proceeded to prepare and file on August 1, 2018 pursuant to the IRS Delinquent International Information Return Submission Procedures Forms 3520 for tax years 2010 and 2011, attaching to each a Statement of Reasonable Cause signed by Plaintiff and submitted under the penalty of perjury.

16.    The Statements of Reasonable Cause certified that Plaintiff had been assured by his American tax advisor that there was no need to include the gifts on his U.S. tax returns or other U.S. legal requirement in connection with the gifts.

17.    Plaintiff further stated in his Statements that this erroneous advice had been provided in response to a specific request which related the pertinent facts, and that Plaintiff had relied on the advice of his tax advisor, based on his apparent knowledge of and experience working with federal tax law, in concluding that he was not required to report the gift from his mother to the federal government.

18.    On or about May 9, 2019, Plaintiff received Form CP15 Notices of Penalty Charge under 26 U.S.C. § 6039F assessing penalties of $87,500.00 and $120,000.00 for tax years 2010 and 2011, respectively, for "Failure to File Form 3520 to Report Receipt of Certain Foreign Gifts," which amounted to 25 percent of the value of the gifts made in each of those years.

19.    The Notices stated that ignorance of the tax laws was not a basis for penalty abatement under the "reasonable cause" standard and that ordinary business care and prudence require that taxpayers be aware of their tax obligations and file or deposit accordingly.

20.    Plaintiff filed a Protest with the Internal Revenue Service Appeals Division on or about June 26, 2019 from the CP15 Notices of Penalty Charge.

-4-

21.     On July 8, 2019, Plaintiff supplemented his Protest with a copy of a letter written by Gardyasz which stated: "The facts as you present them in your protest letter to the IRS are, to the best of my knowledge, true and correct."

22.     Plaintiff's appeal was somehow lost in the "system," requiring intervention by the Taxpayer Advocate Service, which ultimately resulted in the appeal being assigned to an Appeals Officer in the Los Angeles, California office of the IRS Appeals Division.

23.     On or about December 3, 2020, the Appeals Division issued an Appeals Transmittal and Case Memo which abated $70,000 of the $87,000 penalty assessed for tax year 2010 and $96,000 of the $120,000 penalty assessed for tax year 2011, indicating: "Case resolution based on 'Hazards of Litigation'"; the remaining $41,500 in penalties was sustained.

24.     The Taxpayer paid the post-abatement assessments in full with interest on February 1, 2021.

25.     Plaintiff thereafter filed separate Form 843 Claims for Refund and Request for Abatement as to tax years 2010 and 2011 with the IRS on March 4, 2022, thus satisfying the jurisdictional prerequisite imposed by 26 U.S.C. §7422(a).

26.     The IRS denied Plaintiff's Form 843 Claim for tax year 2010 by means of a Letter 854C dated July 13, 2022, signed by Melissa Franklin, Operations 2 Manager, stating that the Claim did not establish reasonable cause.

27.     The IRS denied Plaintiff's virtually identical Form 843 Claim for tax year 2011 by means of a Letter 3176C dated July 13, 2022, also signed by Melissa Franklin, Operations 2 Manager, asserting that the Claim was "frivolous" and requiring Plaintiff to provide a signed declaration that the Claim was true, correct and complete; Plaintiff immediately signed and

-5-

mailed such a declaration.

28. Since Plaintiff's administrative claims have been disposed of, his right to maintain a civil action against the United States pursuant to 28 U.S.C. §1346(a)(1) for recovery of penalties claimed to have been wrongfully collected under the internal-revenue laws has now accrued.

## COUNT I

29. Plaintiff hereby incorporates by reference all of the averments of the above paragraphs as if fully set forth herein again at length.

30. Plaintiff has errooneously been assessed penalties for purported violation of Section 6039F of the Internal Revenue Code, 26 U.S.C. § 6039F, entitled "Notice of large gifts received from foreign persons."

31. Section 6039F requires taxpayers to file a Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts, to report aggregate gifts over $100,000 from foreign individuals. *Mentum International, Inc. v. Commissioner*, T.C. Memo 2015-56, 29, 2015 Tax Ct. Memo LEXIS 56, *30, 109 T.C.M. (CCH) 1273 (T.C. March 24, 2015), citing IRS Notice 97-34, 1997-1 C.B. 422; IRS Announcement 98-30, 1998-1 C.B. 962.

32. Plaintiff does not dispute that the gifts he received exceeded the sum of $100,000 in value or that his mother was, at the time the gifts were made, a foreign individual.

33. Section 6039F(c)(2) expressly provides that the penalty imposed under subsection (c)(1) "shall not apply to any failure to report a foreign gift if the United States person shows that the failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6039F(c)(2).

34.     Plaintiff established reasonable cause for his failure to timely file Form 3520 to report the gifts he received from his Polish mother by filing Forms 3520 for tax years 2010 and 2011, and attaching to each a signed Statement of Reasonable Cause submitted under the penalty of perjury pursuant to the IRS Delinquent International Information Return Submission Procedures.

35.     The IRS nevertheless erroneously assessed severe penalties against Plaintiff under Section 6039F totaling $87,500.00 for tax year 2010 and $120,000.00 for tax year 2011 for "Failure to File Form 3520 to Report Receipt of Certain Foreign Gifts."

36.     In response to the Protest filed by Plaintiff challenging the erroneous penalty assessment, the Appeals Division abated $70,000 of the $87,000 penalty assessed for tax year 2010 and $96,000 of the $120,000 penalty assessed for tax year 2011, indicating: "Case resolution based on 'Hazards of Litigation'"; the remaining $41,500 in penalties was sustained.

37.     The penalty amounts abated by the Appeals Division represent 80 percent of the penalties initially assessed by the IRS, indicating that the Appeals Division concluded that Plaintiff's "reasonable cause" case had an 80 percent likelihood of success if presented in federal court.

38.     Given the Appeals Division's decision as to the merits of Plaintiff's "reasonable cause" issue, the IRS's decisions to deny Plaintiff's claims for a refund of the remaining penalty assessments are glaringly erroneous.

39.     Plaintiff has demonstrated throughout this matter that he had reasonable cause for failing to file timely international information returns reporting the gifts made by his mother.

40.     "A failure to file timely a return is due to 'reasonable cause' if the taxpayer

-7-

exercised ordinary business care and prudence and was nevertheless unable to file the return within the date prescribed by law." *Estate of La Meres v. Commissioner*, 98 T.C. 294 , 313-314 (1992)(citations omitted).

41.    "When a taxpayer shows that he reasonably relied on the 'advice' of an accountant or attorney, even when such advice turned out to be mistaken, courts have frequently held that such reliance constitutes 'reasonable cause'.  Such reliance is consistent with the 'ordinary business care and prudence' . . . ." *Estate of La Meres v. Commissioner*, 98 T.C. at 314.

42.    "Courts have frequently  held that 'reasonable cause' is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney that it was unnecessary to file a return, even when such advice turned out to have been mistaken." *United States v. Boyle,* 469 U.S. 241, 250 (1985).

"Whether the elements that constitute reasonable cause are actually present in a given situation is a question of fact." *United States v. Boyle,* 469 U.S. at 249 n.8.

43.    "When an accountant or attorney *advises* a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice." *United States v. Boyle,* 469 U.S. at 251 (emphasis in original).

44.    "To require the taxpayer to challenge the attorney, to seek a 'second opinion,' or to try to monitor counsel on the provisions of the Code himself would nullify the very purpose of seeking the advice of a presumed expert in the first place." *Id.*

45.    "'Ordinary business care and prudence' do not demand such actions." *Id.*

46.    Because Plaintiff established reasonable cause for his failure to timely file Forms 3520 to report the gifts he received from his Polish mother, the penalty imposed under Section

-8-

6039F(c)(1) should not have been assessed against Plaintiff pursuant to the express exception contained in Section 6039F(c)(2).

47.     Plaintiff is therefore entitled to a refund of all amounts paid pursuant to the post-abatement assessments, together with interest from February 1, 2021 pursuant to 28 U.S.C. §2411 and 26 U.S.C. §6621(a)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in the amount of $41,500 (check amount paid) plus interest pursuant to 28 U.S.C. §2411 and 26 U.S.C. §6621(a)(1) and reasonable administrative and litigation costs including reasonable attorney's fees pursuant to 26 U.S.C. §7430, and such other relief as the Court may deem just and equitable.

Respectfully submitted,

S/ Joseph R. Viola
Joseph R. Viola, Esquire
PA. Atty. Reg. No. 35362
Joseph R. Viola, P.C.
Attorney for Plaintiff
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 854-6310
FAX (267) 393-4798
E-mail: jrviola@comcast.net

DATED: September 1, 2022

-9-